**In re HOWARD, Alleged Delinquent Child.**

[Cite as *In re Howard,* 150 Ohio App.3d 1, 2002-Ohio-6004.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 02 CA 11.

Decided Oct. 29, 2002.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Michael T. Villani, Assistant Prosecuting Attorney, for appellant.

Dennis DiMartino, for appellee.

DeGenaro, Judge.

{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-appellant, the state of Ohio, appeals from the judgment of the Mahoning County Court of Common Pleas, Juvenile Division, granting a juvenile early release from the Department of Youth Services. We are asked to decide whether a juvenile may be granted early release while he or she is committed to the department on a firearm specification. We conclude that a juvenile is eligible for early release after the juvenile has served one-half the prescribed minimum term of commitment, and there is no exception to this rule under the former version of the applicable statute for terms of commitment a juvenile is serving for a firearm specification. Thus, we affirm the trial court's judgment.

{¶ 2} On December 27, 1999, the state filed a complaint in juvenile court against a juvenile, defendant-appellee, Christopher Howard, d.o.b. November 4, 1982, which charged him with three counts: felonious assault, criminal damaging, and discharging a firearm. The first count contained a firearm specification. That same day, the state moved to relinquish jurisdiction to the court of common pleas for the purposes of prosecution. At a January 6, 2000 arraignment, Howard pled not guilty to the charges.

{¶ 3} On February 4, 2000, the matter came before the trial court for a hearing. At that hearing, the state dismissed counts two and three of the complaint and withdrew its motion to relinquish jurisdiction. Howard then entered a plea of admissions to the first count along with the firearm specification. The trial court accepted the plea and journalized its acceptance on February 7, 2000. On April 17, 2000, the trial court held a dispositional hearing on the remaining count and firearm specification whereafter, in an April 18, 2000 judgment entry, the trial court ordered a commitment of one hundred six days on the felonious assault charge with credit for the one hundred six days he had already served in detention. The trial court also committed Howard to a three-year commitment on the firearm specification to be served before and consecutively to Howard's commitment for felonious assault.

{¶ 4} On April 24, 2001, Howard requested early release from institutionalization with the department, which the trial court denied in a May 9, 2001 judgment entry. On July 31, 2001, Howard renewed that request, which was denied that same day. On August 9, 2001, the trial court reconsidered its earlier decision and, in an August 10, 2001 judgment entry, set the matter for a hearing. That hearing was held on December 11, 2001. That same day, the trial court granted Howard's motion for early release effective January 28, 2002. The state appealed

from the trial court's December 11, 2001 decision on January 14, 2002. This court granted the state leave to appeal on March 12, 2002.

{¶ 5}  We affirm the trial court's judgment because we conclude that the trial court did not abuse its discretion in granting the early release. The state argues that a trial court may not grant an early release when a juvenile is serving a term of commitment for a firearm specification. However, under the former version of the applicable statute, a juvenile is eligible for early release after serving half of the prescribed minimum term of commitment. That former version of the statute contains no exceptions for terms of commitment a juvenile is serving for a firearm specification. Therefore, the trial court did not abuse its discretion in granting this juvenile early release from commitment.

{¶ 6}  The state's sole assignment of error states:

{¶ 7}  "The trial court erred in granting the subject child's motion for an early release from the Ohio Department of Youth Services prior to the expiration of his commitment on a firearm specification."

{¶ 8}  Before addressing the substance of the state's appeal, it must be noted that the statutory law governing the early release of juvenile offenders changed effective January 1, 2002. The trial court entered its judgment on December 11, 2001. Because this case was decided under the former statutory provisions, all statutory references refer to the former version of R.C. Chapter 2151.

{¶ 9}  The state succinctly contends that a trial court may not grant a juvenile early release from the juvenile's commitment to the Department of Youth Services while the juvenile is committed on a firearm specification. The decision whether to grant a request for early release lies within the court's discretionary power to strike a desired balance between the goals of confining the juvenile for purposes of rehabilitation and the release of the juvenile to society once satisfactory progress has been made toward rehabilitation. *In re Caldwell* (1996), 76 Ohio St.3d 156, 160, 666 N.E.2d 1367. A finding of abuse of discretion requires evidence that the decision of the trial judge was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 10}  Under juvenile law, even though the trial court committed Howard for the terms of commitment prescribed in the statute, it may grant him early release from commitment in accordance with R.C. 2151.38. The relevant statutory section provides:

{¶ 11}  "If a child is committed to the department of youth services and has been in institutional care or institutional care in a secure facility for more than one-half of the prescribed minimum term for which the child was committed * * * and if the department of youth services desires to release the child from

**4**

institutional care or institutional care in a secure facility, it shall request the court that committed the child for an early release from institutional care or institutional care in a secure facility." R.C. 2151.38(C)(1).

{¶ 12} This statute further provides that after the child has served the one-half of the minimum prescribed term or period of commitment, either the child or the child's parent may also request that the trial court grant the child early release. Id.

{¶ 13} In this case, Howard would be released from his commitment before he reached the age of twenty-one on April 18, 2003, approximately six and one-half months prior to his twenty-first birthday. Thus, he was eligible to request early release once he served one-half the prescribed minimum term for which he had been committed.

{¶ 14} The state contends that a commitment for a firearm specification is not a prescribed minimum term of commitment under R.C. 2151.38. While there is no case law addressing whether a juvenile is eligible for early release when serving a commitment for a firearm specification, the language used in the statute clearly states that a juvenile is eligible for early release even if that juvenile is serving a term of commitment on a firearm specification. R.C. 2151.38 refers to "the prescribed minimum term for which the child was committed" and makes no exceptions for terms of commitment imposed due to a firearm specification. When a juvenile is committed for a firearm specification under R.C. 2151.355(A)(7)(a)(ii), the term of commitment prescribed in the statute is three years. It goes against the plain language of the statute to call the term of commitment prescribed in the statute anything but "the prescribed minimum term for which the child was committed." This is reflected by the amended version of the statute effective at the time of the release of this opinion, which explicitly provides that a trial court may not grant early release until after the term of commitment for a firearm specification has ended. See current R.C. 2152.22(B)(1).

{¶ 15} In conclusion, under the former version of the applicable statute, a juvenile is eligible for early release after serving more than one-half of the prescribed minimum term of commitment and there is no exception for terms of commitment a juvenile is serving on a firearm specification. Howard has served more than one-half of the prescribed minimum term of commitment. Thus, the trial court did not abuse its discretion in granting him early release. The trial court's decision is affirmed.

Judgment affirmed.

VUKOVICH, P.J., and WAITE, J., concur.