This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Marvis Jones, appellant, appeals from the decision of the Summit County Court of Common Pleas. We affirm.
{¶ 2} On April 22, 2002, Mr. Jones was indicted for one count of carrying a concealed weapon, in violation of R.C. 2923.12, one count of falsification, in violation of R.C. 2921.13(A)(3), and one count of possession of a dangerous ordnance, in violation of R.C. 2923.17(A). On May 20, 2002, Mr. Jones filed a motion to dismiss the charge of carrying a concealed weapon, asserting that the statute is unconstitutional under the Ohio Constitution. The motion to dismiss was denied. Thereafter, Mr. Jones pled no contest to the charges of carrying a concealed weapon and falsification. The remaining charge was dismissed. The trial court found Mr. Jones guilty of the charges of carrying a concealed weapon and falsification and sentenced him accordingly. This appeal followed.
{¶ 3} Mr. Jones raises one assignment of error:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS THE CHARGE OF CARRYING A CONCEALED WEAPON AS THAT STATUTE IS UNCONSTITUTIONAL."
{¶ 4} In his assignment of error, Mr. Jones asserts that R.C.2923.12 is unconstitutional pursuant to the Ohio Constitution. In support of his argument that the statute prohibiting the carrying of a concealed weapon is unconstitutional, Mr. Jones cites to Klein v. Leis (2002),146 Ohio App.3d 526. In Klein, the First District found that R.C. 2923.12
is unconstitutional. Id at syllabus.
{¶ 5} Statutes enjoy a strong presumption of constitutionality.State v. Stallings (2002), 150 Ohio App.3d 1, 2002-Ohio-5942, at ¶ 7. "The party challenging the constitutionality of [a] statute bears the burden of proving its constitutional infirmity." Id. Challenged legislation will not be invalidated unless a challenger can establish that the legislation is unconstitutional beyond a reasonable doubt.Arnold v. Cleveland (1993), 67 Ohio St.3d 35, 38-39.
{¶ 6} The Ohio Supreme Court has found that Section 4, Article 1
of the Ohio Constitution confers the fundamental right to bear arms. Id.
at paragraph two of the syllabus. However, this right is not absolute or unlimited but, rather, "is subject to reasonable regulation." Id. at 46-47.
{¶ 7} In Mosher v. Dayton (1976), 48 Ohio St.2d 243, syllabus, the Ohio Supreme Court found that an ordinance requiring individuals having or acquiring handguns to possess an identification card was a reasonable exercise of the police power. The Ohio Supreme Court noted that:
 "In State v. Nieto (1920), 101 Ohio St. 409, *** the court found to be constitutional a statute prohibiting the carrying of concealed weapons, stating at page 413, that:
 "`*** The statute does not operate as a prohibition against carrying weapons, but as a regulation of the manner of carrying them. The gist of the offense is the concealment. The constitution contains no prohibition against the legislature making such police regulations as may be necessary for the welfare of the public at large as to the manner in which arms shall be borne.'" Id. at 247.
{¶ 8} Similarly, this Court has noted that:
 "The constitutional right to bear arms has always been subject to reasonable exercises by the state of its police powers. Thus, the state may regulate the manner in which citizens may bear arms; for instance, by prohibiting the carrying of concealed weapons." State v. Enos (Mar. 23, 1977), 9th Dist. No. 8251, citing Nieto, 101 Ohio St. at 409.
{¶ 9} "The notion that there is a personal right to carry concealed weapons that is a fundamental right under the United States and Ohio Constitutions has been repeatedly and emphatically rejected." Statev. Pauley (1982), 8 Ohio App.3d 354, 357. Furthermore, at this point in time, there is neither case law of the Ohio Supreme Court or the Ninth District upholding a constitutional challenge to R.C. 2923.12. See Statev. Bachtel, 5th Dist. 99CA011, 2002-Ohio-2528, at ¶ 21; see also,generally, State v. Ferguson, 3rd Dist. No. 14-02-14, 2003-Ohio-866, at ¶ 13.
{¶ 10} We find that, under the current state of Ohio law, R.C.2923.12 is a reasonable regulation which regulates only the manner in which weapons may be carried and does not act as a total prohibition on the carrying of weapons. Consequently, this Court cannot find that the statute in question is unconstitutional. Mr. Jones' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
LYNN C. SLABY, P.J. and CARR, J. CONCUR