[Cite as *State v. J.M.D.*, 2023-Ohio-4158.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | |
|---|---|
| STATE OF OHIO | C.A. No. 2023-CA-55 |
|    Appellee | |
| v. | Trial Court Case No. 2022-A-00069-0A,0B |
| J.M.D. | |
|    Appellant | **DECISION AND FINAL JUDGMENT ENTRY** |

_____

PER CURIAM:

**{¶ 1}** This matter is before the court on our October 20, 2023, show cause order. It appeared to this court that the order on appeal, an October 5, 2023, "Judgment Entry," overruling appellant J.M.D.'s motion for judicial release from a commitment of the Department of Youth Services, was not a final order. *See* R.C. 2505.02 (defining final orders). Our long-standing precedent holds that "[t]he denial of a motion for judicial release is not a final, appealable order." *State v. Greene*, 2d Dist. Greene No. 02-CA-17, 2002-Ohio 2595, ¶ 6, citing *State v. Coffman*, 91 Ohio St.3d 125, 126, 742 N.E.2d 644 (2001) (holding a trial court's order denying shock probation pursuant to former 2947.061(B) is not a final order); *see also State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, 111 N.E.3d 1146, ¶ 29 ("there is no right to judicial release; it is an act of grace by the court"). If an order is not final, this court lacks jurisdiction to review the order on appeal. *Gen. Acc Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶ 2} J.M.D. filed a response to the show cause order on November 2, 2023. J.M.D. concedes that "judicial pardons are a grace of the court and as such are discretionary" but argues that the trial court "utilized the incorrect statute in denying release," i.e., the trial court analyzed the matter under R.C. 2929.20 instead of R.C. 2152.22. Thus, J.M.D. argues that we have jurisdiction to review the trial court's order.

{¶ 3} We are sympathetic to the argument that a prisoner has the right to have "discretion exercised, free of prejudicial legal error, in the determination whether he will be released from incarceration." *In re Ross*, 2d Dist. Montgomery No. 18847, 2001 WL 815043, *3 (July 20, 2001). That sympathy extends to delinquent youth committed to the Department of Youth Services. For more than 20 years, we have invited the Supreme Court to "revisit" its holding in *Coffman*. *See State v. Reaver*, 2d Dist. Champaign No. 17 CA 002, 2017-Ohio-2685, ¶ 2, fn. 1; *State v. Schlosser*, 2d Dist. Montgomery No. 26888, 2016-Ohio-731, ¶ 3; *State v. McBroom*, 2015-Ohio-4719, 49 N.E.3d 785, ¶ 6 (2d Dist.); *Ross* at *3. Nevertheless, this court has (without fail) held that we lack jurisdiction to review the denial of judicial release. *See, e.g., State v. Anderson,* 2d Dist. Montgomery No. 29744 (Mar. 31, 2023) (repeating the call for the Supreme Court to revisit its holding in *Coffman*, particularly as to allow appeal of a trial court's determination that an offender is not statutorily eligible for judicial release when that determination is contrary to law), citing *McBroom* at ¶ 11 (Hall, J., concurring).

{¶ 4} In our view, there is no legally significant difference between the finality of an order denying judicial release under R.C. 2152.22 or R.C. 2929.20. In the context of the criminal justice system, judicial release is an act of grace, the denial of which is unreviewable by the court of appeals. *Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, 111

N.E.3d 1146, at ¶ 29. So too, in the context of the juvenile justice system, "[t]he decision whether to grant a request for early release lies within the court's discretionary power to strike a desired balance between the goals of confining the juvenile for purposes of rehabilitation and the release of the juvenile to society once satisfactory progress has been made toward rehabilitation." *In re Howard*, 150 Ohio App.3d 1, 2002-Ohio-6004, 788 N.E.2d 1106, ¶ 9 (7th Dist.) (state's appeal from grant of early release, decided under former version of R.C. Chapter 2151), citing *In re Caldwell*, 76 Ohio St.3d 156, 160, 666 N.E.2d 1367 (1996). Thus, a juvenile lacks any substantial right to judicial release to court supervision from a Department of Youth Services commitment under R.C. 2152.22(D). The decision to grant or deny judicial release is wholly within the discretion of the juvenile court – it is an act of grace. Accordingly, our show cause order is NOT SATISFIED. This appeal, Greene County Appellate Case No. 2023-CA-55, is DISMISSED for lack of jurisdiction.

{¶ 5} Pursuant to Ohio App.R. 30(A), it is hereby ordered that the Clerk of the Greene County Court of Appeals immediately serve notice of this judgment upon all parties and make a note in the docket of the mailing.

{¶ 6} SO ORDERED.

_____
JEFFREY M. WELBAUM, PRESIDING JUDGE


_____
MICHAEL L. TUCKER, JUDGE


_____
CHRISTOPHER B. EPLEY, JUDGE