OPINION *Page 2 
{¶ 1} On October 14, 1997, appellant, Larry Godfrey, enteredAlford pleas of guilty to two counts of attempted felonious sexual penetration in violation of R.C. 2923.02 and R.C. 2907.12 and eight counts of gross sexual imposition in violation of R.C. 2907.05. By judgment entry filed November 14, 1997, the trial court sentenced appellant to an aggregate indefinite term of fifteen to thirty-eight years in prison, and classified him as a sexual predator.
 {¶ 2} Appellant filed an appeal (App. No. 97CA0155). This court affirmed appellant's case, presuming regularity in the proceedings because of the lack of a complete transcript. State v. Godfrey (August 28, 1998), Licking App. No. 97CA0155, (Godfrey I).
 {¶ 3} On November 25, 1998, appellant filed a motion to re-open his appeal pursuant to App. R. 26. This court granted the motion and re-opened appellant's appeal.
 {¶ 4} On July 6, 1999, while his re-opened appeal was pending, appellant filed a motion to withdraw guilty plea or in the alternative, postconviction relief to vacate or set aside his sentence pursuant to R.C. 2953.21. By judgment entry filed August 11, 1999, the trial court dismissed the motion/petition for want of jurisdiction because of appellant's pending appeal. Appellant appealed this decision (App. No. 99 CA 95).
 {¶ 5} On September 2, 1999, this court affirmed appellant's re-opened appeal. See, State v. Godfrey (September 2, 1999), Licking App. No. 97CA0155, (Godfrey II).
 {¶ 6} On February 28, 2000, this court affirmed the trial court's denial of appellant's motion/petition for want of jurisdiction. See,State v. Godfrey (February 28, 2000), Licking App. No. 99 CA 95, (Godfrey III). *Page 3 
 {¶ 7} On March 14, 2007, appellant filed a motion to withdraw guilty plea pursuant to Crim. R. 32.1. By judgment entry filed April 10, 2008, the trial court denied appellant's motion for want of jurisdiction.
 {¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 9} "THE TRIAL COURT ERRED IN RULING THAT IT DID NOT HAVE JURISDICTION TO CONSIDER DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PLEAS PURSUANT TO CRIMR 32.1."
 II {¶ 10} "THE TRIAL COURT ERRED IN DISMISSING DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PLEAS PURSUANT TO CRIMR 32.1 WITHOUT AN EVIDENTIARY HEARING."
 I {¶ 11} Appellant claims the trial court erred in denying his Crim. R. 32.1 motion to withdraw his plea. We disagree.
 {¶ 12} Crim. R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. State v. Smith (1977),49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, *Page 4 
arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 13} In its judgment entry filed April 10, 2008, the trial court found it lacked jurisdiction to review appellant's motion. Appellant argues the entry is "terse" and contains insufficient reasoning. We find the entry focuses on the single and salient issue sub judice: Does a trial court lose jurisdiction to entertain a Crim. R. 32.1 motion once an appellate court has affirmed the case?
 {¶ 14} Appellant argues his motion to withdraw is not barred by the holding in State ex rel. Special Prosecutors v. Judges, Court of CommonPleas (1978), 55 Ohio St.2d 94, 97-98, wherein the Supreme Court of Ohio held the following:
 {¶ 15} "Furthermore, Crim. R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty pleas subsequent to an appeal and affirmance by the appellate court. While Crim. R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. Thus, we find a total and complete want of jurisdiction by the trial court to grant the motion to withdraw appellee's plea of guilty and to proceed with a new trial."
 {¶ 16} In support of his argument, appellant cites the Supreme Court of Ohio's intervening ruling in State v. Bush, 96 Ohio St.3d 235,2002-Ohio-3993. The syllabus states, "R.C. 2953.21 and 2953.23
[postconviction relief statutes] do not govern a *Page 5 
Crim. R. 32.1 postsentence motion to withdraw a guilty plea." In dicta at ¶ 11, Justice Cook recites the long line of cases supporting the conclusion of the syllabus:
 {¶ 17} "Our precedent distinguishes postsentence Crim. R. 32.1 motions from postconviction petitions. See State ex rel. Tran v. McGrath (1997),78 Ohio St.3d 45, 47, 676 N.E.2d 108 (unanimous court describing postconviction relief petition and postsentence motion to withdraw a guilty pleas as `alternative remedies'); State ex rel. WLWT-TV5 v.Leis (1997), 77 Ohio St.3d 357, 360, 673 N.E.2d 1365 (unanimous court identifying postsentence Crim. R. 32.1 motion to withdraw a guilty plea and postconviction petition as separate remedies). We have continued to recognize a Crim. R. 32.1 postsentence motion to withdraw a guilty plea as a distinct avenue for relief following our decision in Reynolds[State v. (1997), 79 Ohio St.3d 158]. See State ex rel. Stovall v.Jones (2001), 91 Ohio St.3d 403, 404, 746 N.E.2d 601 (unanimous court describing a postsentence Crim. R. 32.1 motion as an `adequate legal remed[y]'); State ex rel. Chavis v. Griffin (2001), 91 Ohio St.3d 50,51, 741 N.E.2d 130 (unanimous court summarizing trial court's obligations in addressing a postsentence Crim. R. 32.1 motion);Douglas v. Money (1999), 85 Ohio St.3d 348, 349, 708 N.E.2d 697
(unanimous court citing Tran in identifying postsentence motion to withdraw a guilty plea as separate from postconviction relief petition);State v. Ashworth (1999), 85 Ohio St.3d 56, 70, 706 N.E.2d 1231
(discussing the operation of Crim. R. 32.1 without mentioning postconviction relief statutes); Shie v. Leonard (1998),84 Ohio St.3d 160, 161, 702 N.E.2d 419 (unanimous court citing Tran for proposition that alternative legal remedies of postconviction relief petition and postsentence motion to withdraw a guilty plea existed). And we confirm today that our holding in Reynolds continues to be narrow." *Page 6 
 {¶ 18} An examination of these cases reveals the Crim. R. 32.1 motions were made when there had been no direct appeals of the underlying convictions. Therefore, the holding in Special Prosecutors has not been discussed, reversed or modified.
 {¶ 19} Under any normal course of events, the lack of any Supreme Court holdings on this narrow jurisdictional issue is not surprising. Generally speaking, sentences pursuant to pleas were not appealable until S.B. No. 2 allowed appellate review. However, S.B. No. 2 specifically excluded appellate review of sentences imposed pursuant to negotiated pleas [R.C. 2953.08(D)]. Alford pleas, such as the one sub judice, permit appellate review of evidentiary rulings and classifications (Alford plea is a guilty plea with a continued claim of innocence. North Carolina v. Alford (1970), 400 U.S. 25).
 {¶ 20} In this case, appellant's re-opened direct appeal concluded on September 2, 1999 with an affirmance of the trial court's November 14, 1997 sentencing entry.
 {¶ 21} We find the holding of Special Prosecutors to be on all fours with the issue presented in this case. Once an appellate court has affirmed a case, a trial court's jurisdiction is limited to taking "action in aid of the appeal":
 {¶ 22} "`But, the general rule is that when an appeal is taken from the district court the latter court is divested of jurisdiction, except to take action in aid of the appeal, until the case is remanded to it by the appellate court.' [7 Moore's Federal Practice (2 Ed.) 419, Paragraph 60.30[2]]
 {¶ 23} "Yet, it has been stated that the trial court does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, *Page 7 
appointment of a receiver and injunction. In re Kurtzhalz (1943),141 Ohio St. 432; Goode v. Wiggins (1861), 12 Ohio St. 341; Fawick AirflexCo. v. United Electrical Radio Machine Workers (1951),90 Ohio App. 24. However, in the instant cause, the trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial would be inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea. The judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment. Accordingly, we find that the trial court lost its jurisdiction when the appeal was taken, and, absent a remand, it did not regain jurisdiction subsequent to the Court of Appeals' decision." Special Prosecutors, at 97.
 {¶ 24} Upon review, we conclude the trial court was correct in finding it lacked jurisdiction to entertain appellant's Crim. R. 32.1 motion to withdraw his plea.
 {¶ 25} Assignment of Error I is denied.
 II {¶ 26} Based upon our decision in Assignment of Error I, this assignment is moot. *Page 8 
 {¶ 27} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, P.J. Gwin, J. and Hoffman, J. Concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant. *Page 1