[Cite as *State v. Godfrey*, 2014-Ohio-4720.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 14 CA 39 |
| LARRY GODFREY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case Nos. 97 CR 46 and 97 CR 71


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      October 23, 2014


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

KENNETH W. OSWALT      LARRY GODFREY
PROSECUTING ATTORNEY      PRO SE
20 South Second Street, Fourth Floor      15708 McConnelsville Road
Newark, Ohio 43055      Caldwell, Ohio 43724

*Wise, P. J.*

{¶1}.  Appellant Larry Godfrey appeals the decision of the Licking County Court of Common Pleas denying his pro se motion to withdraw an *Alford* plea, which he entered in 1997.  Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.[1]

{¶2}.  On February 7, 1997, in common pleas case number 97CR0046, the Licking County Grand Jury indicted appellant on one count of rape (R.C. 2907.02(A)(1)(b)), six counts of felonious sexual penetration (R.C. 2907.12(A)(1)(b)), and seven counts of gross sexual imposition (R.C. 2907.05(A)(4)). At his arraignment, appellant entered pleas of not guilty to the charges contained in the indictment.

{¶3}.  On February 21, 1997, in common pleas case number 97CR0071, the Licking County Grand Jury indicted appellant on three additional counts of gross sexual imposition (R.C. 2907.05(A)(4)). At his arraignment, appellant also entered pleas of not guilty to these additional charges.

{¶4}.  The trial court scheduled a jury trial for October 14, 1997. Prior to trial, the trial court granted the State's request to amend the indictments to reflect eight counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4); and two counts of attempted felonious sexual penetration, in violation of R.C. 2923.02 and 2907.12(A)(1)(b). Thereafter, appellant entered *Alford* pleas of guilty to the amended charges. The trial court deferred sentencing in the matter until November 14, 1997, pending receipt of a pre-sentence investigation.

---

[1]  Appellant has pursued numerous challenges to his 1997 plea and conviction over the past seventeen years in the trial and appellate courts, as well as in the federal courts. In the interest of judicial economy, we will not herein recite a full history of this litigation or the particulars of appellant's sentence.

**{¶5}.** After hearing testimony and receiving evidence in mitigation, the trial court announced its sentence. After imposing the sentence, the trial court conducted a hearing pursuant to R.C. 2950.09(A). The trial court thereupon concluded that appellant should be classified as a sexual predator.

**{¶6}.** The trial court memorialized appellant's sentence and its adjudication of appellant as a sexual predator in a judgment entry dated November 14, 1997.

**{¶7}.** Appellant then filed a direct appeal from his conviction and sentence, raising two assigned errors concerning his sexual predator classification. On August 28, 1998, this Court affirmed the trial court's decision of November 14, 1997. *See State v. Godfrey*, 5th Dist. Licking No. 97CA0155, 1998 WL 666749 ("*Godfrey I* ").

**{¶8}.** On November 25, 1998, appellant filed a motion to reopen his appeal pursuant to App.R. 26. This Court granted the motion and reopened appellant's appeal. Appellant again limited his arguments to sexual predator issues. On September 2, 1999, this Court overruled the assigned errors in the reopened appeal and again affirmed the trial court's decision. *See State v. Godfrey*, 5th Dist. Licking No. 97CA0155, 1999 WL 770253 ("*Godfrey II* ").

**{¶9}.** In the meantime, on July 6, 1999, while his re-opened appeal was still pending, appellant filed a motion to withdraw guilty plea and an "alternative petition to vacate or set aside sentence pursuant to R.C. 2953.21." On August 11, 1999, the trial court dismissed the motion/petition for want of jurisdiction because of appellant's pending appeal. Appellant thereupon appealed this decision. On February 28, 2000, this Court affirmed the trial court's denial of appellant's motion/petition for want of

jurisdiction. *See State v. Godfrey*, 5th Dist. Licking No. 99 CA 95, 2000 WL 329802 ("*Godfrey III* ").

{¶10}. On March 14, 2007, appellant filed a motion to withdraw guilty plea pursuant to Crim.R. 32.1. By judgment entry filed April 10, 2008, the trial court denied appellant's motion for want of jurisdiction. This Court affirmed. *See State v. Godfrey*, 5th Dist. Licking No. 2008CA0056, 2009-Ohio-1480 ("*Godfrey IV* ").

{¶11}. The Ohio Supreme Court has not overturned any of our decisions outlined above.

{¶12}. On March 24, 2014, appellant filed a ninety-six page "Motion to Withdraw *Alford* Plea Pursuant to Ohio Crim.R. 32.1." He contemporaneously filed a "Motion for Pre-Hearing Discovery" and a "Motion for Evidentiary Hearing in Support of Motion to Withdraw Alford Plea." The State of Ohio filed responses to these motions on April 4, 2014.

{¶13}. On April 10, 2014, the trial court issued a judgment entry "procedurally and substantively" denying appellant's motion to withdraw plea, and denying his request for discovery and an evidentiary hearing as moot.

{¶14}. Appellant filed a notice of appeal on May 8, 2014. He herein raises the following three Assignments of Error:

{¶15}. "I. THE TRIAL COURT COMMITTED PLAIN ERROR AND ABUSED ITS DISCRETION WHEN IT DENIED MR. GODFREY'S MOTION TO WITHDRAW *ALFORD* PLEA/MEMORANDUM IN SUPPORT, MOTION FOR EVIDENTIARY HEARING, AND MOTION FOR PRE-HEARING DISCOVERY CONTRARY TO CONTROLLING LAWS AND RULES.

**{¶16}.** "II. THE TRIAL COURT COMMITTED PLAIN ERROR AND ABUSED ITS DISCRETION WHEN IT FAILED TO CONSIDER THE QUESTIONS OF LAW CONTAINED WITHIN THE MOTION TO WITHDRAW *ALFORD* PLEA.

**{¶17}.** "III. THE TRIAL COURT COMMITTED PLAIN ERROR AND ABUSED ITS DISCRETION WHEN IT DENIED MR. GODFREY'S MOTION TO WITHDRAW *ALFORD* PLEA WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING."

I.

**{¶18}.** In his First Assignment of Error, appellant contends the trial court erred and/or abused its discretion by denying his motion to withdraw his 1997 Alford plea and his corresponding motions for discovery and an evidentiary hearing.

**{¶19}.** Crim.R. 32.1 reads as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶20}.** Appellate review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *See State v. Caraballo* (1985), 17 Ohio St.3d 66, 67, 477 N.E.2d 627. Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire,* Licking App.No. 09–CA–132, 2010–Ohio–2566, ¶ 60, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324. The length of passage of time between the entry of a plea and a defendant's filing of a Crim.R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred. *See State v. Copeland–Jackson,* Ashland App. No. 02COA018, 2003–Ohio–1043, ¶ 7.

{¶21}. Furthermore, as we reiterated in the appeal of the denial of appellant's 2007 motion to withdraw plea, " ' *** Crim. R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty pleas subsequent to an appeal and affirmance by the appellate court.' " *Godfrey IV* at ¶ 15, quoting *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97-98.

{¶22}. Appellant herein apparently seeks to circumvent the rule of *Special Prosecutors* by proposing that his conviction and sentence have never been truly "affirmed" on appeal, because the only issues raised in his 1997 direct appeal and 1999 appeal following reopening concerned his classification as a sexual predator. *See* Appellant's Brief at 10. Such argument has no merit, as the judgment entry under appeal (and ultimately affirmed) in those cases was the trial court's final sentencing entry of November 14, 1997, which included the sexual predator finding.

{¶23}. In addition, the doctrine of res judicata is applicable to successive motions to withdraw a guilty plea under Crim.R. 32.1. *See, e.g., State v. McLeod,* Tuscarawas App. No.2004 AP 03 0017, 2004–Ohio–6199, ¶ 12. "Res judicata applies to bar raising piecemeal claims in successive postconviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first postconviction relief petition or motion to withdraw a guilty plea." *State v. Kent,* Jackson App.No. 02CA21, 2003–Ohio–6156, ¶ 6. The applicability of res judicata is a question of law, which an appellate court reviews de novo. *EMC Mtge. Corp. v. Jenkins,* 164 Ohio App.3d 240, 249, 841 N.E.2d 855, 2005–Ohio–5799. Appellant herein fails to persuade us that any of his present claims were not and could not have been raised in his unsuccessful 2007

motion to withdraw plea. However, even if appellant had new claims for purposes of Crim.R. 32.1, he cannot get past the rule of *Special Prosecutors.*

{¶24}. Appellant additionally takes a slightly different tack in his challenge to the denial of his Crim.R. 32.1 motion to withdraw plea, urging that the trial court never had subject matter jurisdiction to prosecute him at all nearly seventeen years ago, despite his entry of *Alford* pleas. Appellant in essence maintains that the charges against him in 1997 were barred by the statute of limitations and were defectively presented in the indictment. However, we hold neither of these claims present a subject matter jurisdictional defect which would overcome appellant's plea. *See Daniel v. State* (2003), 98 Ohio St.3d 467, 468; *Midling v. Perrini* (1968), 14 Ohio St.2d 106. Thus, we find appellant's claims in this regard, as well as his additional arguments as to the sufficiency of the evidence pertaining to his plea, ineffective assistance of trial counsel, and alleged actual innocence were barred from being raised in a successive motion to withdraw plea.

{¶25}. Upon review, we conclude the trial court properly determined it lacked jurisdiction to entertain appellant's successive Crim.R. 32.1 motion to withdraw his *Alford* plea.

{¶26}. Appellant's First Assignment of Error is therefore overruled.

II., III.

{¶27}. Based on our above determinations, we find the remaining Assignments of Error to be moot.

{¶28}. For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 0912