[Cite as *State v. Smith*, 2019-Ohio-1978.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29203 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DE'ANTHONY K. SMITH | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2010-06-1717-B |

DECISION AND JOURNAL ENTRY

Dated: May 22, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant, De Anthony K. Smith, appeals an order that denied his "Motion to Vacate Void Judgment for Lack of Subject Matter Jurisdiction." This Court affirms.

{¶2} In 2010, a jury found Mr. Smith guilty of murder in violation of R.C. 2903.02(B), aggravated robbery in violation of R.C. 2911.01(A)(1)/(3), tampering with evidence in violation of R.C. 2921.12(A)(1), obstructing justice in violation of R.C. 2921.32(A)(5), and three accompanying gun specifications under R.C. 2941.145. Mr. Smith appealed, and this Court affirmed his convictions. *State v. Smith*, 9th Dist. Summit No. 25650, 2012-Ohio-794. On September 24, 2018, Mr. Smith filed a "Motion to Vacate Void Judgment for Lack of Subject Matter Jurisdiction," in which he argued that the prosecution of his criminal case never commenced in accordance with Crim.R. 6(F). The trial court denied his motion, and Mr. Smith filed this appeal.

II.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [MR. SMITH'S] MOTION TO VACATE VOID JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION WHEN IT FOUND THAT THE STATE COMPLIED WITH CRIM.R. 6(F) WHEREIN THE STATE NEVER CLAIMED OR PROVED THAT INDICTMENTS WERE RETURNED TO A JUDGE OF THE COURT OF COMMON PLEAS (JUDGE PRESIDING OVER THE GRAND JURY) AS REQUIRED BY CRIM.R. 6(F), BUT RATHER BASED ITS FINDING ON MISAPPLIED CASE LAW PRESENTED BY THE STATE.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [MR. SMITH'S] MOTION TO VACATE VOID JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION WHEN IT MISJUDGED HIS ARGUMENT AS A CHALLENGE TO DEFICIENCIES IN THE INDICTMENTS WHEREIN [MR. SMITH] NEVER CHALLENGED DEFICIENCIES IN THE INDICTMENT, THUS DENIED HIS CHALLENGE TO THE TRIAL COURT'S LACK OF SUBJECT MATTER JURISDICTION.

{¶3} Mr. Smith's assignments of error argue that the trial court erred by denying his post-sentence motion. This Court disagrees.

{¶4} This Court must first consider the nature of the motion at issue in this appeal. R.C. 2953.21(A)(1)(a) provides:

> Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

Faced with an irregular motion, this Court may construe the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. "A vaguely titled motion, including a motion to correct or vacate a judgment or sentence," may be treated as a petition for postconviction

relief under R.C. 2953.21(A)(1) when "(1) the motion was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence." *State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).

{¶5} In his motion, Mr. Smith went to great lengths to emphasize that it should not be treated as a petition for postconviction relief. The manner in which a defendant captions or classifies a filing, however, is not controlling: the classification of a motion rests on the type of relief it seeks to obtain. *See State v. Fryer*, 5th Dist. Perry No. 18-CA-00005, 2018-Ohio-3024, ¶ 20 (observing that the caption of a pro se pleading "[did] not conclusively define the nature of the pleading."). *Compare Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 38, citing *State ex rel. Zupancic v. Limbach*, 58 Ohio St.3d 130, 132 (1991); *State v. Davidson*, 17 Ohio St.3d 132, 135 (1985); *Dept. of Natural Resources v. Ebbing*, 3d Dist. Mercer No. 10-13-24, 2015-Ohio-471, ¶ 83, fn. 17. Motions that raise similar arguments have been characterized by other courts as petitions for postconviction relief, and this Court agrees with that classification. *See Fryer* at ¶ 22-27; *State v. Barnette*, 7th Dist. Mahoning No. 17 MA 0027, 2017-Ohio-9074, ¶ 1, 7-9; *State v. Ali*, 8th Dist. Cuyahoga No. 105534, 2017-Ohio-6894, ¶ 4-6.[1] Although the trial court rejected Mr. Smith's motion without determining whether it should have been classified as a petition for postconviction relief, this Court concludes that it is properly treated as such. *See State v. Cline*, 2d Dist. Champaign No. 2013 CA 51, 2014-Ohio-4503, ¶ 7.

---

[1] Courts have also concluded that the alleged failure to comply with the requirements of Crim.R. 6(F) is unrelated to subject matter jurisdiction. *See State v. Rickard*, 6th Dist. Lucas No. L-16-1043, 2016-Ohio-4755, ¶ 11-12; *State v. Caldwell*, 9th Dist. Summit No. 27003, 2014-Ohio-1032, ¶ 8-10 (both concluding that the alleged lack of a signature by the grand jury foreman under Crim.R. 6(F) was not a matter of subject matter jurisdiction.).

**{¶6}** R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. A trial court may only entertain an untimely petition if

> "the petitioner shows that [he] was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief," or, subsequent to the period prescribed in Section 2953.21(A)(2), "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."

(Alterations in original.) *State v. Wesson*, 9th Dist. Summit No. 28412, 2018-Ohio-834, ¶ 8, quoting R.C. 2953.23(A)(1)(a). A petitioner, other than one who challenges a sentence of death, must also demonstrate by clear and convincing evidence "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b). A trial court does not have jurisdiction to hear an untimely petition for postconviction relief unless the requirements of R.C. 2953.23(A) are met. *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 9.

**{¶7}** Mr. Smith's sentencing entry was dated September 27, 2010. The transcript in his direct appeal was filed on January 27, 2011, so under R.C. 2953.21(A)(2), he had until January 27, 2012, to petition for postconviction relief. Mr. Smith filed his petition on September 24, 2018, more than six years after that deadline passed. He did not demonstrate by clear and convincing evidence that the requirements of R.C. 2953.23(A)(1) were met and, consequently, the trial court did not have jurisdiction to entertain his untimely petition. *See Daniel* at ¶ 9. Mr. Smith's first and second assignments of error are overruled.

III.

**{¶8}** Mr. Smith's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DE'ANTHONY K. SMITH, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.