[Cite as *State v. Godfrey*, 2023-Ohio-20.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2022-CA-00036 |
| LARRY GODFREY | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of Common Pleas, Case No. 1997-CR-00046

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      January 5, 2023

APPEARANCES:

For Plaintiff-Appellee

CLIFFORD J. MURPHY
Assistant Prosecuting Attorney
20 North Second Street
4th Floor
Newark, Ohio 43055

For Defendant-Appellant

LARRY GODFREY - PRO SE
Noble Correctional Institution
Inmate #351586
15708 McConnelsville Road
Caldwell, Ohio 43724

*Gwin, P.J.*

{¶1} Appellant Larry Godfrey appeals the May 6, 2022 judgment entry of the Licking County Court of Common Pleas denying his motion to vacate void judgment. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On February 7, 1997, appellant was indicted on one count of rape, six counts of felonious sexual penetration, and seven counts of gross sexual imposition. On February 21, 1997, appellant was indicted on three additional counts of gross sexual imposition.

{¶3} Prior to trial, the trial court granted the State's motion to amend the indictments to reflect eight counts of gross sexual imposition and two counts of attempted felonious sexual penetration. Appellant then entered *Alford* pleas of guilty to the amended charges. The trial court held a sentencing hearing on November 14, 1997. After imposing the sentence, the trial court conducted a hearing pursuant to R.C. 2950.09(A). The trial court concluded that appellant should be classified as a sexual predator.

{¶4} The trial court issued a judgment entry of sentence on November 14, 1997.

{¶5} Appellant filed a direct appeal of his conviction and sentence, raising two assignments of error concerning his sexual predator classification. On August 28, 1998, this Court affirmed the trial court's conviction and sentence in *State v. Godfrey*, 5th Dist. Licking No. 97CA0155, 1998 WL 666749.

{¶6} Appellant filed a motion to reopen his direct appeal pursuant to Appellate Rule 26 on November 25, 1998. We granted the motion and reopened his direct appeal. Appellant again limited his arguments to sexual predator issues. On September 2, 1999,

this Court overruled the assigned errors in the reopened appeal and again affirmed the trial court's decision in *State v. Godfrey*, 5th Dist. Licking No. 97CA0155, 1999 WL 770253.

{¶7} While appellant's reopened appeal was pending, appellant filed a motion to withdraw guilty plea and an "alternative petition to vacate or set aside sentence pursuant to R.C. 2953.21." On August 11, 1999, the trial court dismissed the motion/petition for lack of jurisdiction because of appellant's pending appeal. Appellant appealed that decision. In *State v. Godfrey*, 5th Dist. Licking No. 99 CA 95, 2000 WL 329802, we affirmed the trial court's denial of appellant's motion/petition for lack of jurisdiction.

{¶8} On March 14, 2007, appellant filed a motion to withdraw guilty plea pursuant to Criminal Rule 32.1. The trial court denied the motion. We affirmed in *State v. Godfrey*, 5th Dist. Licking No. 2008CA0056, 2009-Ohio-1480.

{¶9} Appellant filed a "motion to withdraw *Alford* plea" on March 24, 2014. He contemporaneously filed a "motion for pre-hearing discovery" and "motion for evidentiary hearing." The trial court denied the motions. Appellant appealed to this Court. We overruled appellant's assignments of error in *State v. Godfrey*, 5th Dist. Licking No. 14 CA 39, 2014-Ohio-4720.

{¶10} Appellant filed a "motion to vacate void judgment" on January 26, 2022, arguing his conviction should be vacated for lack of subject-matter jurisdiction: because his continued incarceration violates his constitutional right to due process, because his continued incarceration violates his constitutional right to equal protection, and because his continued incarceration is barred by the ex post facto clause of the constitution.

{¶11} The trial court denied and dismissed the motion in a judgment entry on May 6, 2022. The trial court found: if appellant's motion is considered a post-conviction petition, it is untimely, and does not meet the requirements of R.C. 2953.23(A) and thus the trial court lacks jurisdiction to entertain such a petition; if the motion is construed as a writ of habeas corpus, the trial court lacks jurisdiction because appellant is not incarcerated in Licking County; and appellant failed to provide any case law or argument supporting his claim that his conviction is void for lack of subject matter jurisdiction.

{¶12} Appellant appeals the May 6, 2022 judgment entry of the Licking County Court of Common Pleas and assigns the following as error:

{¶13} "I. THE TRIAL COURT ERRED IN ITS RULING THAT IT DID NOT HAVE THE NECESSARY JURISDICTION TO CONSIDER APPELLANT'S MOTION TO VACATE VOID JUDGMENT.

{¶14} "II. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S MOTION TO VACATE JUDGMENT WITHOUT PROPERLY CONSIDERING THE FACTS PRESENTED IN THE MOTION."

### I. & II.

{¶15} In his first and second assignments of error, appellant contends the trial court committed error in denying and dismissing his motion to vacate void judgment.

{¶16} The trial court stated it was not clear from the substance of appellant's motion whether it was intended to be a petition for post-conviction relief, a writ of habeas corpus, or solely a motion to vacate.

{¶17} First, the trial court first determined that if the motion was a motion for post-conviction relief, it lacked jurisdiction because the petition was untimely. In his motion,

appellant argued his continued incarceration violates his constitutional right to due process, right to equal protection, and violates the ex post facto clause of the constitution.

{¶18}  Where a defendant, subsequent to a direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined by R.C. 2953.21.  *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131.  Appellant's motion was filed subsequent to his direct appeal, it claims a denial of his constitutional rights, appellant seeks to have the judgment rendered void, and states the remedy he seeks is to vacate and dismiss the judgment.

{¶19}  The trial court found appellant's petition was untimely pursuant to R.C. 2953.21(A)(2).  Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication.  If a petition is untimely filed, the trial court is required to entertain the petition only if appellant could meet the requirements of R.C. 2953.23(A), which provides the petitioner must, "initially demonstrate * * * he was unavoidably prevented from discovering the facts necessary for the claim for relief."  R.C. 2953.23(A)(1)(a).

{¶20}  Appellant was convicted in 1997, making his petition untimely.  Further, his motion failed to demonstrate he was unavoidably prevented from discovering the facts upon which he based his claims for relief, particularly since appellant has made this same argument both in his 2007 motion to withdraw plea and in his 2014 motion to withdraw plea. Accordingly, we find the trial court did not commit error in finding appellant's request for post-conviction relief was untimely.

**{¶21}** The trial court next stated that, if it treated appellant's motion as a writ of habeas corpus, the trial court lacked jurisdiction because appellant is not incarcerated in Licking County. One of the basic requirements for a proper habeas corpus proceeding is that, regardless of where the prisoner was convicted, the case can only proceed in the county where he is actually incarcerated. R.C. 2725.03. This requirement is jurisdictional in nature; a court does not have the authority to order the release of a prisoner unless the prison lies within its territorial jurisdiction. *State v. Hertel*, 5th Dist. Delaware No. 18 CAA 07 0049, 2018-Ohio-5002. Because appellant is not incarcerated in Licking County, the Licking County Court of Common Pleas has no jurisdiction over a habeas corpus petition.

**{¶22}** Finally, the trial court found that if it treated appellant's motion as a "motion to vacate," the motion should be denied and dismissed because appellant's argument that his conviction is void for lack of subject matter jurisdiction is not well-taken.

**{¶23}** Appellant contends in his motion that he was prosecuted and convicted under an unconstitutional application of a law which did not exist at the time he was charged. Specifically, appellant contends the indictment dated February 20, 1997, was defective because it included language from R.C. 2907.12(A)(1)(b) that was inapplicable at the time the crimes were committed.

**{¶24}** "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1987).

{¶25} This Court has previously held that a defective indictment renders the charge voidable, not void, and does not deprive the trial court of subject matter jurisdiction. *State v. Nelms*, 5th Dist. Delaware No. 20 CAA 03 0018, 2020-Ohio-6845. In this case, we find the alleged deficiencies in the indictment do not affect the trial court's subject matter jurisdiction. Appellant could have raised the defects in the indictment in his direct appeal, but failed to do so; therefore, his arguments are barred by the doctrine of res judicata. See *State v. Brandon*, 5th Dist. Muskingum No. CT2018-0082, 2019-Ohio-2818.

{¶26} Because appellant failed to include the complained of issues in his direct appeal, he is attempting to circumvent the doctrine of res judicata by claiming his convictions were void because the trial court lacked subject matter jurisdiction. Appellant has made this argument several times before, as he argued in both his 2007 motion to withdraw plea and 2014 motion to withdraw plea that his convictions are void because "some counts claimed violations of laws not in effect at the time of the commission of the alleged acts."

{¶27} This Court has already specifically determined this issue does not present a subject matter jurisdictional defect, and is subject to res judicata. In appellant's 2014 motion to withdraw plea, appellant argued the trial court lacked subject matter jurisdiction because, "several charges in [the] indictment * * * were invalid because they were based on a law which did not exist until after the time of the alleged offenses * * * [the prosecutor's] use of a law which was amended after the time of the charges was an unconstitutional ex post facto violation." In his 2014 motion, appellant cited the same Ohio Supreme Court case he cites in his 2022 motion to vacate, *State v. Hooper*, 57 Ohio

St.2d 87, 386 N.E.2d 1348 (1979).  After the trial court denied appellant's motion to withdraw plea, we affirmed the trial court, and stated as follows:

> Appellant additionally takes a slightly different tack in his challenge to the denial of his Crim.R. 32.1 motion to withdraw plea, urging that the trial court never had subject matter jurisdiction to prosecute him at all nearly seventeen years ago, despite his entry of *Alford* pleas.  Appellant in essence maintains that the charges against him in 1997 were * * * defectively presented in the indictment.  However, we hold neither of these claims present a subject matter jurisdictional defect which would overcome appellant's plea.  See *Daniel v. State* (2003), 98 Ohio St.3d 467, 468; *Midling v. Perrini* (1968), 14 Ohio St.2d 106.  Thus, we find appellant's claims in this regard, as well as his additional arguments as to the sufficiency of the evidence pertaining to his plea, ineffective assistance of trial counsel, and alleged actual innocence were barred from being raised in a successive motion to withdraw plea.

*State v. Godfrey*, 5th Dist. Licking No. 14 CA 39, 2014-Ohio-4720.

{¶28}  Appellant appealed to the Ohio Supreme Court and listed as one of his propositions of law that, 'the use of a law which did not exist at the time of the charged offense is a substantial constitutional violation which voids all proceedings."  In *State v. Godfrey*, 143 Ohio St.3d 1403, 2015-Ohio-2747, 34 N.E.3d 132, the Ohio Supreme Court declined to accept jurisdiction of the case.

{¶29}  The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent

proceedings in the case at both trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984). Appellant appealed our 2014 decision to the Ohio Supreme Court. The Supreme Court declined jurisdiction and did not accept appellant's proposition of law. Accordingly, pursuant to the law of the case as stated in our 2014 opinion, "this claim does not present a subject matter jurisdictional defect which would overcome appellant's plea."

{¶30} Upon review, we find the trial court did not commit error in dismissing and denying appellant's motion. Appellant's assignments of error are overruled.

{¶31} The May 6, 2022 judgment entry of the Licking County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur