[Cite as *State v. Hamilton*, 2023-Ohio-415.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

- vs -

ANTON D. HAMILTON, JR.,

Defendant-Appellant.

CASE NO. 2022-L-074

Civil Appeal from the
Court of Common Pleas

Trial Court No. 1999 CR 000231

**O P I N I O N**

Decided: February 13, 2023
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Anton D. Hamilton, Jr.*, pro se, PID# A379-712, Allen-Oakwood Correctional Institution, 2338 North West Street, P.O. Box 4501, Lima, OH 45802 (Defendant-Appellant).

MATT LYNCH, J.

{¶1}   Defendant-appellant, Anton D. Hamilton, Jr., appeals the denial of his Motion to Vacate a Void Judgment pursuant to State and Federal Law.  For the following reasons, we affirm the decision of the lower court.

{¶2}   In 2004, following a jury trial in the Lake County Court of Common Pleas, Hamilton was found guilty of Murder with a firearm specification.  He is currently serving an indefinite prison term of fifteen years to life with three additional years for the specification.

{¶3} On June 6, 2022, Hamilton filed a Motion to Vacate Void Judgment pursuant to State and Federal Law.

{¶4} On July 15, 2022, the trial court denied the motion. The court aptly summarized Hamilton's arguments as follows:

> In his motion, [Hamilton] denied that it was a postconviction petition but was instead a direct attack on a void judgment. He claims the trial court lacked subject matter jurisdiction because the indictment was filed the day after it was served on him. He also claims that the indictment lacked a "true bill" stamp on it, that there was no grand jury foreman signature on it, and there was no judge's signature on it. He claims the only signature on it was from an assistant Lake County prosecutor. He further claims, without providing evidence, that the indictment was "more than likely a forged and fraudulent instrument" that was fabricated by the Lake County Prosecutor's office. He also, implausibly, claims that the State of Ohio refused to accept and ratify the Fourteenth Amendment to the U.S. Constitution, thus depriving him of due process of law.

{¶5} The trial court considered Hamilton's jurisdictional claims and concluded that the Lake County Court of Common Pleas "had subject matter jurisdiction in the complaint against Hamilton." The court then construed Hamilton's Motion as one for postconviction relief: "although couched as a challenge to subject matter jurisdiction, Hamilton's motion to vacate merely raises a procedural issue and therefore shall be treated as a postconviction petition." Treated as such, the court found that it lacked jurisdiction to consider the Motion inasmuch as Hamilton failed to satisfy the requirements for filing successive petitions for postconviction relief. R.C. 2953.23(A). The court further found Hamilton's claim barred by res judicata as he "never raised the issue of subject matter jurisdiction in his direct appeal or earlier postconviction petition."

{¶6} On August 11, 2022, Hamilton filed a Notice of Appeal. On appeal, he raises the following assignments of error:

2

[1.] The trial court exceeded it[s] authority, and Abused it[s] discretion, when it changed Appellant's common law motion into a post-conviction petition, as a means to continue a void judgment, instead of ending it. In violation of state and federal due process.

[2.] The trial court exceeded it[s] authority by assuming personal jurisdiction, not properly obtained, but the trial judge has abused his discretion by claiming it was properly done.

[3.] The trial court exceeded it[s] authority and abused it[s] discretion when it used a void indictment to claim subject matter jurisdiction over the charges against appellant, resulting in a void judgment, but the trial judge has abused his discretion by saying it was properly filed, in violation of state and federal due process.

[4.] The trial court abused it[s] discretion when it refused to acknowledge public record evidence that challenges appellant's standing as a U.S. citizen in Ohio, and the oath of office the trial court members took to support the state and federal constitutions for all Americans who enter these Ohio courthouses.

{¶7} The assignments of error will be considered in a consolidated manner.

{¶8} Hamilton asserts that the trial court erred by treating his common law Motion as a postconviction petition so as to avoid confronting the issue of whether his conviction is void. He maintains a motion to vacate a judgment as being void is distinct from a postconviction petition that challenges the judgment as voidable.

{¶9} The distinction between a void judgment and a voidable judgment "turns on whether the court [rendering judgment] had jurisdiction over the subject matter and the person." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 17. "A void judgment is rendered by a court without jurisdiction" whereas "[a] voidable judgment is one pronounced by a court with jurisdiction." *Id.*; *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraphs five and six of the syllabus.

{¶10} "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *State v. Harper*, 160 Ohio St.3d

3

Case No. 2022-L-074

480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23. "[W]hen a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *Id.* at ¶ 26. The courts of common pleas are vested with original jurisdiction of "all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03; Article IV, Section 4(B), Ohio Constitution; *Henderson* at ¶ 35. Accordingly, Hamilton's Motion does not call into question the trial court's subject-matter jurisdiction. *State v. Reed*, 2d Dist. Clark No. 2021-CA-59, 2022-Ohio-3461, ¶ 19 ("Ohio appellate courts have also concluded that the alleged failure to comply with the requirements of Crim.R. 6(F) are unrelated to subject-matter jurisdiction and subject to res judicata") (cases cited); *State v. Feathers*, 11th Dist. Portage No. 2021-P-0004, 2021-Ohio-4137, ¶ 14; *State v. Smith*, 9th Dist. Summit No. 29203, 2019-Ohio-1978, ¶ 5, fn. 1.

{¶11} "Personal jurisdiction refers to the court's power to render a valid judgment against a particular individual." *Henderson* at ¶ 36. "In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *Id.*, citing *Tari v. State*, 117 Ohio St. 481, 490, 159 N.E. 594 (1927). "A defendant also submits to the court's jurisdiction if he does not object to the court's exercise of jurisdiction over him." *Id.*, citing *Tari* at 491. Thus, "a challenge to personal jurisdiction or jurisdiction over the person is waivable by the defendant's voluntary submission at an initial appearance or by entering a plea of not guilty." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10. Here, irrespective of Hamilton's claims that he was forced "against his will to attend arraignment," he did appear in court on July 12, 1999, and, "represented by counsel, * *

4

Case No. 2022-L-074

* [was] arraigned upon [the] indictment, waived the reading of the indictment, any defects in the time or manner of the service of same and for his plea thereto [said] he is 'Not Guilty'." Accordingly, there are no issues with the trial court's exercise of personal jurisdiction over Hamilton. *Orr v. Mack*, 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998) ("[t]he manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted").

{¶12} In other cases, where a movant asserts that the underlying conviction or sentence is void but fails to substantiate the claim, the courts have construed the motion as one for postconviction relief, as the lower court did here. *See*, *e.g.*, *State v. Godfrey*, 5th Dist. Licking No. 2022-CA-00036, 2023-Ohio-20, ¶ 11; *State v. Taylor*, 2021-Ohio-1670, 170 N.E.3d 1310, ¶ 34 (2d Dist.). Assuming, arguendo, that the trial court did err by construing Hamilton's Motion as a postconviction petition, such error was harmless. Before construing the Motion as a postconviction petition, the court considered and rightfully rejected Hamilton's jurisdictional arguments. That was sufficient to deny the Motion. At most, Hamilton's arguments would have demonstrated that his conviction was voidable and so ought to have been presented in a postconviction petition. That being so, the court's recasting it as such is not reversible error.

{¶13} The assignments of error are without merit.

{¶14} For the foregoing reasons, the denial of Hamilton's Motion to Vacate a Void Judgment pursuant to State and Federal Law is affirmed. Costs to be taxed against the appellant.

JOHN J. EKLUND, P.J.,

5

Case No. 2022-L-074

MARY JANE TRAPP, J.,

concur.

Case No. 2022-L-074