[Cite as *State v. Crawford*, 2016-Ohio-3030.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                    :          APPEAL NO. C-150632
                                             TRIAL NO. B-0609524
    Plaintiff-Appellee,        :

    vs.                        :          *O P I N I O N.*

DAVID CRAWFORD,                   :

    Defendant-Appellant.       :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  May 18, 2016


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*David Crawford*, pro se.


Please note:  we have removed this case from the accelerated calendar.

**FISCHER, Presiding Judge.**

{¶1}    Defendant-appellant David Crawford appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion to Preserve Evidence." We dismiss the appeal for lack of jurisdiction.

{¶2}    Crawford was convicted in 2007 of aggravated murder, murder, and tampering with evidence. He unsuccessfully appealed his convictions to this court and the Ohio Supreme Court. *See State v. Crawford*, 1st Dist. Hamilton No. C-070816, 2008-Ohio-5764, *appeal not accepted*, 122 Ohio St.3d 1454, 2009-Ohio-3131, 908 N.E.2d 945. But in 2009, we reopened his direct appeal and remanded for resentencing consistent with the multiple-counts statute, R.C. 2941.25. *See State v. Crawford*, 1st Dist. Hamilton No. C-070816 (Nov. 4, 2009). In 2010, the trial court entered a revised judgment of conviction, merging murder into aggravated murder and convicting Crawford of aggravated murder and tampering with evidence. He did not appeal those convictions.

{¶3}    In April 2015, Crawford filed with the common pleas court a "Motion to Preserve Evidence." In his motion, Crawford asked for an order requiring law enforcement "to properly preserve and fully catalog all items of physical evidence gathered in [his] case * * * [to] preserve[] for future review of experts as well as legal counsel" any potentially exculpatory evidence. The common pleas court overruled the motion, and this appeal followed.

{¶4}    Before the matter was submitted here, the state moved to dismiss the appeal for lack of jurisdiction. A court of appeals has only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of

2

the courts of record inferior to the court of appeals within the district." Article IV, Section 3(B)(2), Ohio Constitution. We find the motion to dismiss to be well taken.

{¶5} Crawford's "Motion to Preserve Evidence" sought an order requiring the state to preserve the evidence gathered for the criminal proceedings leading to his 2007 convictions. The motion did not challenge those convictions. Therefore, the common pleas court's judgment overruling the motion is plainly not reviewable under the jurisdiction conferred upon an appeals court by R.C. 2953.02 or 2953.08 to review a judgment of conviction entered in a criminal case.

{¶6} Crawford's motion is essentially a request to preserve previously undisclosed exculpatory evidence, preliminary to a request for discovery of that evidence for the purpose of preparing a petition under R.C. 2953.21 et seq. for postconviction relief. *See* R.C. 2953.21(J) (providing that the postconviction statutes provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case"). But the motion was not filed in a pending postconviction proceeding. Moreover, the postconviction statutes do not contemplate discovery in the initial stages of a postconviction proceeding. *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158, 159, 718 N.E.2d 426 (1999); *State v. Zuern*, 1st Dist. Hamilton Nos. C-900481 and C-910229, 1991 Ohio App. LEXIS 5733 (Dec. 4, 1991). *See State v. Issa*, 1st Dist. Hamilton No. C-000793, 2001 Ohio App. LEXIS 5762 (Dec. 1, 2001) (holding that a postconviction petitioner is entitled to discovery to develop his claims only if the petition and its supporting evidentiary material demonstrate substantive grounds for relief). And while a court may "recast" a motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged," *State v. Schlee*, 117 Ohio St.3d 153,

2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus, Crawford's motion did not seek relief from his convictions based on evidence outside the record demonstrating a violation of constitutional rights in the proceedings resulting in those convictions. Thus, the motion was not reviewable by the common pleas court as a postconviction petition. *See* R.C. 2953.21(A)(1)(a). In turn, the entry overruling the motion was not reviewable under our jurisdiction under R.C. 2953.23(B) to review an order awarding or denying postconviction relief.

{¶7} Nor was the entry overruling the motion reviewable under this court's jurisdiction under R.C. 2505.03(A), to review, affirm, modify, or reverse a "final order, judgment or decree." A "final order" includes an order that "affects a substantial right" in "an action," when that order either "in effect determines the action and prevents a judgment," R.C. 2505.02(B)(1), or is "made in a special proceeding," that is, in "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(B)(2) and (A)(2). A "final order" also includes an order that "grants or denies a provisional remedy" (that is, a remedy in "a proceeding ancillary to an action"), when that order "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and when "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(A)(3) and (B)(4).

{¶8} For purposes of determining whether an order is "final," a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C.

2505.02(A)(1). The Due Process Clause of the Fourteenth Amendment to the United States Constitution imposes upon the government a duty to preserve "constitutionally material" evidence, that is, evidence that possesses an apparent exculpatory value and that is "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 488-489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). Thus, the order overruling Crawford's "Motion to Preserve Evidence" implicates a substantial right.

{¶9} But the motion was not filed in any action, or in any proceeding ancillary to any action, pending before the common pleas court. Therefore, the court's order overruling the motion cannot be said to have effectively determined or prevented a judgment in an action or ancillary proceeding. *See* R.C. 2505.02(B)(1) and (B)(4)(a). Nor was the order "made" in a "special" statutory proceeding. *See* R.C. 2505.02 (B)(2).

{¶10} We, therefore, hold that we are without jurisdiction to review the common pleas court's entry overruling Crawford's "Motion to Preserve Evidence." Accordingly, we grant the state's motion to dismiss this appeal.

*Appeal dismissed.*

**HENDON** and **CUNNINGHAM, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.