[Cite as *State v. Burns*, 2019-Ohio-1130.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 18 CA 88 |
| ROBERT L. BURNS, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  12 CR 116


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     March 27, 2019


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BILL HAYES                              ROBERT L. BURNS, JR., PRO SE
PROSECUTING ATTORNEY         CHILLICOTHE CORR. INSTITUTION
NATHANIEL H. HURST              P. O. BOX  5500
ASSISTANT PROSECUTOR          Chillicothe, Ohio  45601
20 South 2nd Street
Newark, Ohio  43055

*Wise, John, P. J.*

{¶1} Appellant Robert L. Burns, Jr. appeals the decision of the Court of Common Pleas, Licking County, which denied his *pro se* post-conviction relief ("PCR") petition. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} In March 2012, appellant was charged with three counts of illegal use of a minor in a nudity-oriented performance, three counts of corruption of a minor, and two counts of corruption of a minor with drugs. Following a jury trial in the Licking County Court of Common Pleas, appellant was convicted on all but one count of corruption of a minor with drugs. The trial court sentenced him to a total prison term of thirteen years and three months, with the terms to run consecutively. Additionally, appellant was classified as a sexually oriented offender, with an annual registration requirement for ten years.

{¶3} Appellant then filed a direct appeal to this Court, arguing in his sole assigned error that his due process rights were violated when the State read portions of his son's prior testimony from a juvenile proceeding, for purposes of refreshing the son's recollection. On October 9, 2012, we overruled the assigned error and affirmed appellant's convictions. *See State v. Burns*, 5th Dist. Licking No. 2012–CA–37, 2012–Ohio–4706.

{¶4} On October 22, 2015, more than three years after his trial, appellant filed a *pro se* petition for post-conviction relief ("PCR"). Via a judgment entry issued on November 25, 2015, the trial court denied appellant's petition for post-conviction relief as untimely. On July 6, 2016, we affirmed. *See State v. Burns*, 5th Dist. Licking No. 15–CA–98, 2016–Ohio–4833. Appellant's attempts to have the decision reviewed by the Ohio Supreme Court and the United States Supreme Court were unsuccessful. *See State v.*

*Burns*, 147 Ohio St.3d 1506, 2017–Ohio–261, 67 N.E.3d 824; *Burns v. Ohio*, 138 S.Ct. 73, 199 L.Ed.2d 50 (2017).

**{¶5}** In addition, on February 23, 2015, prior to his aforesaid PCR petition, appellant had filed a post-conviction "motion for production of *Brady* material." Then, on June 22, 2017, appellant filed a "motion to compel disclosure of exculpatory material and information."

**{¶6}** On August 8, 2017, the trial court denied appellant's motion to compel disclosure via a judgment entry. Appellant then appealed that decision to this Court. On January 8, 2018, we overruled his sole assigned error and affirmed. *See State v. Burns*, 5th Dist. Licking No. 17 CA 0069, 2018-Ohio-81. Appellant thereafter unsuccessfully sought a certification of conflict (App.R. 25). Appellant otherwise did not pursue an appeal to the Ohio Supreme Court.

**{¶7}** On August 31, 2018, appellant filed another petition for post-conviction relief in the trial court, captioned as a "petition to vacate or set aside judgment of conviction or sentence."

**{¶8}** On September 6, 2018, the trial court, via judgment entry, denied the successive PCR petition without conducting a hearing.[1]

**{¶9}** On October 2, 2018, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

---

[1] Appellant has failed to include or attach with his brief a copy of the judgment entry under appeal. *See* Loc.App.R. 9(A). We have nonetheless reviewed the original document in the record.

**{¶10}** "I.    THE TRIAL COURT ERRED OR ABUSED ITS DISCRETION DISMISSING A POST-CONVICTION PETITION BASED UPON FRAUD UPON THE COURT.

**{¶11}** "II.    THE TRIAL COURT ERRED OR ABUSED ITS DISCRETION DISMISSING A POST-CONVICTION PETITION WITHOUT GIVING FINDINGS OF FACT AND CONCLUSIONS OF LAW."

I.

**{¶12}** In his First Assignment of Error, appellant argues that the trial court erred and/or abused its discretion in denying his August 31, 2018 post-conviction petition. We disagree.

**{¶13}** The requirements for second or successive PCR petitions, as pertinent to the case *sub judice*, are detailed in R.C. 2953.23(A)(1), as follows:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain * * * a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal

or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

* * *.

**{¶14}** Furthermore, "[r]es judicata applies to bar raising piecemeal claims in successive postconviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first postconviction relief petition or motion to withdraw a guilty plea." *State v. Kent,* 4th Dist. Jackson No. 02CA21, 2003–Ohio–6156, ¶ 6. The applicability of *res judicata* is a question of law, which an appellate court reviews *de novo. State v. Godfrey*, 5th Dist. Licking No. 14 CA 39, 2014-Ohio-4720, ¶ 23.

**{¶15}** Appellant in the case *sub judice*, in his present brief and reply brief, fails to demonstrate compliance with R.C. 2953.23(A)(1), *supra*, or adequately explain why *res judicata* would not defeat his successive PCR attempt. Instead, much of his argument is devoted to a generalized claim that his trial counsel, and to a lesser extent the trial prosecutor, committed a "fraud upon the court" for purposes of Civ.R. 60(B).

**{¶16}** Certainly, a motion for relief from judgment may be treated as a petition for post-conviction relief even when the motion is presented as a Civ.R. 60(B) motion. *State v. Reynolds*, 5th Dist. Richland No. 09-CA-13, 2009-Ohio-3998, ¶ 15, citing *State v.*

*Schlee,* 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431. However, the review standards regarding a motion for post-conviction relief, not Civ.R. 60(B), will apply. *State v. Sneed*, 8th Dist. Cuyahoga No. 93194, 2009-Ohio-5241, ¶ 15, citing *Schlee* at ¶ 12.

{¶17} Accordingly, appellant's First Assignment of Error is overruled.

II.

{¶18} In his Second Assignment of Error, appellant contends the trial court erred and/or abused its discretion in dismissing his post-conviction petition without providing findings of fact and conclusions of law. We disagree.

{¶19} Generally, pursuant to R.C. 2953.21, if a trial court dismisses a petition for post-conviction relief without a hearing, it must provide findings of fact and conclusions of law as to why the petition was dismissed. *State v. Staats,* 5th Dist. Stark No. 2015CA00207, 2016–Ohio–2921, ¶ 19, citing *State v. Lester,* 41 Ohio St.2d 51, 322 N.E.2d 656 (1975), paragraph two of the syllabus. However, no findings of fact or conclusions of law are necessary in denying untimely or successive petitions for post-conviction relief. *State v. Tanner*, 5th Dist. Muskingum No. CT2005-0022, 2005-Ohio-5377, f.n. 3, citing *State ex rel. Carroll v. Corrigan*, 84 Ohio St.3d 529, 1999–Ohio–367, 705 N.E.2d 1226.

**{¶20}** Appellant's Second Assignment of Error is therefore overruled.

**{¶21}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d  0313