[Cite as *State v. Burns*, 2023-Ohio-1579.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2022 CA 00078 |
| | : | |
| ROBERT L. BURNS, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of
Common Pleas, Case No. 2012 CR
00116


JUDGMENT:    DISMISSED


DATE OF JUDGMENT ENTRY:    May 11, 2023


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

JENNY WELLS                              ROBERT L. BURNS, JR. PRO SE
LICKING COUNTY PROSECUTOR                 Inmate # 659615
                                          Chillicothe Correctional Institution
ROBERT N. ABDALLA                         P.O. Box 5500
20 S. Second St.                          Chillicothe, OH 45601
Newark, OH 43055

*Delaney, J.*

{¶1} Defendant-Appellant Robert L. Burns, Jr. appeals the August 30, 2022 judgment entry of the Licking County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} In March 2012, Defendant-Appellant Robert L. Burns, Jr. was charged with three counts of illegal use of a minor in a nudity-oriented performance, three counts of corruption of a minor, and two counts of corruption of a minor with drugs. Following a jury trial in the Licking County Court of Common Pleas, Burns was convicted on all but one count of corruption of a minor with drugs. The trial court sentenced him to a total prison term of 13 years and three months, with the terms to run consecutively. Additionally, Burns was classified as a sexually oriented offender, with an annual registration requirement for ten years.

{¶3} Burns filed a direct appeal to this Court, arguing in his sole Assignment of Error that his due process rights were violated when the State read portions of his son's prior testimony from a juvenile proceeding, for purposes of refreshing the son's recollection. On October 9, 2012, we overruled the assigned error and affirmed Burns' convictions. *See State v. Burns*, 5th Dist. Licking No. 2012–CA–37, 2012–Ohio–4706.

{¶4} On October 22, 2015, more than three years after his trial, Burns filed a pro se petition for post-conviction relief ("PCR"). Via a judgment entry issued on November 25, 2015, the trial court denied Burns' petition for post-conviction relief as untimely. On July 6, 2016, we affirmed. *See State v. Burns*, 5th Dist. Licking No. 15–CA–98, 2016–Ohio–4833. Burns' attempts to have the decision reviewed by the Ohio Supreme Court

and the United States Supreme Court were unsuccessful. *See State v. Burns*, 147 Ohio St.3d 1506, 2017–Ohio–261, 67 N.E.3d 824; *Burns v. Ohio*, 138 S.Ct. 73, 199 L.Ed.2d 50 (2017).

{¶5} On February 23, 2015, prior to his aforesaid PCR petition, Burns filed a post-conviction "motion for production of *Brady* material." Then, on June 22, 2017, Burns filed a "motion to compel disclosure of exculpatory material and information."

{¶6} On August 8, 2017, the trial court denied Burns' motion to compel disclosure via a judgment entry. Burns then appealed that decision to this Court. On January 8, 2018, we overruled his sole assigned error and affirmed. *See State v. Burns,* 5th Dist. Licking No. 17 CA 0069, 2018-Ohio-81. Burns thereafter unsuccessfully sought a certification of conflict (App.R. 25). Burns otherwise did not pursue an appeal to the Ohio Supreme Court.

{¶7} On August 31, 2018, Burns filed another petition for post-conviction relief in the trial court, captioned as a "petition to vacate or set aside judgment of conviction or sentence." On September 6, 2018, the trial court issued a judgment entry denying the successive PCR petition without conducting a hearing. Burns appealed the trial court's judgment to this Court, where we overruled his two Assignments of Error and affirmed. *See State v. Burns*, 5th Dist. Licking No. 18 CA 88, 2019-Ohio-1130.

{¶8} On April 19, 2022, Burns filed a pro se "Motion to Preserve Evidence." He requested the trial court order that every item of physical evidence that had been identified as being connected in any way to the investigation and subsequent charges and conviction be preserved in a manner that would allow Burns or any court system to inspect all of the items. Burns argued the reason for his request was that the trial court granted a

motion to destroy the evidence after 10 years.[1] While Burns remained imprisoned with significant time remaining on his sentence, he planned to file more motions in the trial court to persuade the court that his conviction was in violation of the United States Constitution.

{¶9}   The State did not file a response.

{¶10} On August 30, 2022, the trial court denied Burns' motion to preserve evidence. It found that a motion to preserve evidence was more properly made immediately following arrest or indictment. Burns was indicted on March 9, 2012. He was convicted on April 25, 2012. The trial court noted that Burns had filed a post-conviction "motion for production of *Brady* material" on February 23, 2015 and a "motion to compel disclosure of exculpatory material and information" on June 22, 2017, which the trial court denied, and this Court affirmed.

{¶11} Burns filed a notice of appeal on September 28, 2022.

{¶12} On December 15, 2022, Plaintiff-Appellee State of Ohio filed a motion to dismiss Burns' appeal for lack of jurisdiction. This Court issued a judgment entry taking the State's motion to dismiss under advisement until the time of merit review.

## ASSIGNMENT OF ERROR

{¶13} Burns raises one Assignment of Error:

{¶14} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT'S 'MOTION TO PRESERVE EVIDENCE' IN VIOLATION OF THE RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT OF THE

---

[1] In Burns' motion, he does not identify the trial court's judgment entry allegedly granting the State's motion to destroy evidence. We reviewed the trial court case file and could not locate the alleged judgment entry that Burns' referred to.

UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."

## ANALYSIS

### Motion to Dismiss

{¶15} Before we address the merits of Burns' appeal, we must consider whether we have jurisdiction over the matter. Burns appeals the trial court's denial of his "Motion to Preserve Evidence." On December 15, 2022, Plaintiff-Appellee State of Ohio filed a motion to dismiss Burns' appeal for lack of jurisdiction. A court of appeals has only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Article IV, Section 3(B)(2), Ohio Constitution. Upon due consideration, we find the State's motion to dismiss the appeal to be well taken.

{¶16} The First District Court of Appeals was presented with a similar "motion to preserve evidence" in *State v. Crawford*, 1st Dist. Hamilton No. C-150632, 2016-Ohio-3030. In that case, the defendant was convicted in 2007 of aggravated murder, murder, and tampering with evidence. He unsuccessfully appealed his convictions to the appellate court and the Ohio Supreme Court. In April 2015, the defendant filed a "motion to preserve evidence," asking the trial court for an order requiring law enforcement "'to properly preserve and fully catalog all items of physical evidence gathered in [his] case * * * [to] preserve[ ] for future review of experts as well as legal counsel' any potentially exculpatory evidence." *State v. Crawford*, 2016-Ohio-3030, ¶ 3. The trial court denied the motion, the defendant appealed, and the State filed a motion to dismiss the appeal for lack of jurisdiction.

{¶17} The First District found that it did not have jurisdiction over the appeal because in his motion to preserve evidence, the defendant was not challenging his convictions. "* * * [T]he common pleas court's judgment overruling the motion is plainly not reviewable under the jurisdiction conferred upon an appeals court by R.C. 2953.02 or 2953.08 to review a judgment of conviction entered in a criminal case." *State v. Crawford*, 1st Dist. Hamilton No. C-150632, 2016-Ohio-3030, ¶ 5. Likewise in this case, Burns' motion to preserve the evidence requested the trial court to order the State to preserve the evidence gathered for the criminal proceedings leading to his 2012 convictions. His motion to preserve the evidence did not challenge his 2012 convictions.

{¶18} The First District also found the defendant's motion to preserve evidence was not reviewable under the appellate court's jurisdiction granted by R.C. 2505.03(A), to review, affirm, modify, or reverse a "final order, judgment or decree." *Id.* at ¶ 7. The court reviewed the appealability of a final order, judgment, or decree:

A "final order" includes an order that "affects a substantial right" in "an action," when that order either "in effect determines the action and prevents a judgment," R.C. 2505.02(B)(1), or is "made in a special proceeding," that is, in "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(B)(2) and (A)(2). A "final order" also includes an order that "grants or denies a provisional remedy" (that is, a remedy in "a proceeding ancillary to an action"), when that order "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and when "[t]he

appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(A)(3) and (B)(4).

For purposes of determining whether an order is "final," a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). The Due Process Clause of the Fourteenth Amendment to the United States Constitution imposes upon the government a duty to preserve "constitutionally material" evidence, that is, evidence that possesses an apparent exculpatory value and that is "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 488–489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984).

*Id.* at ¶ 7-8.

{¶19} The First District determined the trial court's judgment entry overruling the defendant's motion to preserve evidence implicated a substantial right. *Id.* at ¶ 8. The court found, however, that the defendant's motion to preserve evidence was not filed in any action, or in any proceeding ancillary to any action, pending before the trial court. *Id.* at ¶ 9. Therefore, the First District held that the trial court's order overruling the motion cannot be said to have effectively determined or prevented a judgment in an action or ancillary proceeding. *See* R.C. 2505.02(B)(1) and (B)(4)(a). *Id.* Nor was the order "made" in a "special" statutory proceeding. *See* R.C. 2505.02(B)(2). *Id.*

{¶20} We find the fact pattern and holding in *State v. Crawford* to be applicable to the present case. In this case, Burns is not appealing his criminal conviction, nor is he appealing an order denying a petition for post-conviction relief. Burns' motion was not filed in any action, or any proceeding ancillary to any action, pending before the trial court. The trial court's August 30, 2022 judgment entry did not effectively determine or prevent a judgment in an action or an ancillary proceeding.

{¶21} We hold that we are without jurisdiction to review the trial court's August 30, 2022 judgment entry overruling Burns' "Motion to Preserve Evidence." Accordingly, we grant the State's motion to dismiss this appeal.

## CONCLUSION

{¶22} The appeal of the August 30, 2022 judgment entry issued by the Licking County Court of Common Pleas is dismissed.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.