[Cite as *State v. Mack*, 2025-Ohio-228.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JOHN MACK, JR. | : | Case No. 2024 CA 0074 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County
Court of Common Pleas, Case No.
2021-CR-0221R

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT:      January 27, 2025

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JODIE M. SCHUMACHER      JOHN H. MACK, JR, Pro Se
Prosecuting Attorney      #794-244
Richland County, Ohio      Allen-Oakwood Correctional Institutional
     2338 North West Street
By: MICHELLE FINK      Lima, Ohio 45802
Assistant Prosecuting Attorney
Richland County, Ohio
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, P.J.*

{¶1}   The appellant, John H. Mack, Jr., appeals the judgment entry from the Richland County Court of Common Pleas from September 18, 2024, denying the appellant's Motion to Preserve Evidence. The appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}   On November 16, 2022, the jury found the appellant guilty of numerous offenses, including Aggravated Murder in violation of R.C. §2903.01.

{¶3}   On December 15, 2022, the appellant filed a direct appeal to his conviction and sentence. The direct appeal is still pending before This Court.

{¶4}   The appellant filed a timely Motion for Post-Conviction Relief. The trial court denied that motion on May 3, 2024. The appellant filed a timely Notice of Appeal.

{¶5}   On August 19, 2024, the appellant filed a Motion to Preserve Evidence in the trial court. In his Motion, the appellant notes that he received notice from the Richland County Sheriff's Office that a 2004 Honda Accord seized as evidence in his case was being disposed of if unclaimed. The appellant further requests all the evidence, including biological evidence collected in the case, be preserved and catalogued. The appellant requested a list of all tested and untested evidence in the State's custody.

{¶6}   On September 18, 2024, the trial court denied the appellant's Motion to Preserve Evidence. The appellant filed a timely notice of appeal.

{¶7}   On December 31, 2024, This Court affirmed the trial court's denial of the appellant's Motion for Post-Conviction Relief.

{¶8}   The appellant raises the following assignment of error:

**{¶9}** "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING HIS MOTION TO ORDER THE PRESERVATION AND LISTING OF EVIDENCE, IN VIOLATION OF R.C. 2933.82."

**I.**

**{¶10}** In the appellant's sole assignment of error, he argues the trial court erred in denying his Motion to Preserve Evidence. We agree.

**MOTION TO DISMISS**

**{¶11}** Before we address the merits of the appellant's appeal, we must consider the appellee's Motion to Dismiss for lack of jurisdiction. The appellee argues that this Court lacks jurisdiction to review the trial court's decision to deny the appellant's Motion to Preserve Evidence. We disagree.

**{¶12}** The appellee argues the facts of this case are similar to the facts of *State v. Burns*, 2023-Ohio-1579 (5th Dist.). In *Burns*, the defendant was not appealing his criminal conviction nor appealing an order denying a petition for post-conviction relief. *Id.* at ¶20. Therefore, in *Burns* there was no open action or proceeding in which to file the motion.

**{¶13}** In the case *sub judice*, at the time the appellant filed his Motion to Preserve Evidence, both his direct appeal and his appeal from the trial court's denial of his petition for post-conviction relief were pending. Since then, this Court has affirmed the trial court's denial of his petition for post-conviction relief. However, the appellant's direct appeal remains pending. As such, we find the case *sub judice* to be distinguished from *Burns*, and this Court has jurisdiction to hear the appeal.

**{¶14}** Accordingly, the appellee's Motion to Dismiss is denied.

**ANALYSIS**

**{¶15}** R.C. §2933.82 states, in pertinent part:

(A)     As used in this section:

(1)(a) "Biological Evidence" means any of the following:

* *

(ii) Any item that contains blood, semen, hair, saliva, skin tissue, fingernail scrapings, bone, bodily fluids, or any other identifiable biological material that was collected as part of a criminal investigation or delinquent child investigation and that reasonably may be used to incriminate or exculpate any person for an offense or delinquent act.

* *

(B)(1) Each governmental evidence-retention entity that secures any sexual assault examination kit in relation to an investigation or prosecution of a criminal offense or delinquent act that is a violation of section 2905.32 of the Revised Code, or any biological evidence in relation to an investigation or prosecution of a criminal offense or delinquent act that is a violation of section 2903.01, 2903.02, or 2903.03, a violation of section 2903.04 or 2903.06 that is a felony of the first or second degree, a violation of section 2907.02 or 2907.03 or division (A)(4) or (B) of section 2907.05 of the Revised Code, or an attempt to commit a violation of section 2907.02 of the Revised Code shall secure the biological evidence for whichever of the following periods of time is applicable:

* *

(c) If any person is convicted of or pleads guilty to the offense, or is adjudicated a delinquent child for committing the delinquent act, for the earlier of the following: (i) the expiration of the latest of the following periods of time that apply to the person: the period of time that the person is incarcerated, is in a department of youth services institution or other juvenile facility, is under a community control sanction for that offense, is under any order of disposition for that act, is on probation or parole for that offense, is under judicial release or supervised release for that act, is under post-release control for that offense is involved in civil litigation in connection with that offense or act, or is subject to registration and other duties imposed for that offense or act under sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code or (ii) thirty years. If after a period of thirty years the person remains incarcerated, then the governmental evidence-retention entity shall secure the biological evidence until the person is released from incarceration or dies.

* *

(5) Upon written request by the defendant in a criminal case or the alleged delinquent child in a delinquent child case involving a violation of section 2903.01, 2903.02, 2903.03, or 2905.32, a violation of section 2903.04 or 2903.06 that is a felony of the first or second degree, a violation of section 2907.02 or 2907.03 or of division (A)(4) or (B) of section 2907.05 of the Revised Code, or an attempt to commit a violation of section 2907.02 of the Revised Code, a governmental evidence-retention entity that possesses

biological evidence shall prepare an inventory of the biological evidence that has been preserved in connection with the defendant's criminal case or the alleged delinquent child's delinquent child case.

**{¶16}** In the case *sub judice*, the appellant requested that all evidence be preserved in the current case, including biological evidence. The appellant also requested the government prepare an inventory of the biological evidence in connection with the case at hand.

**{¶17}** Initially, we note that in the trial court's judgment entry, the trial court references that since the direct appeal and a petition for post-conviction relief have already been filed, the appellant will not have an opportunity to present new evidence. However, this may not be the case. As the direct appeal is still pending, should the case be remanded for redetermination, the appellant may have an opportunity to present additional evidence on his own behalf.

**{¶18}** The trial court overruled the appellant's request to provide an inventory of preserved biological evidence in the case, finding that all evidence which was submitted in the case at bar would be preserved in accordance with R.C. §2933.82 through the entirety of the appellant's sentence and also overruled the preservation of any other evidence. However, as defined by R.C. §2933.82, biological evidence includes not only that evidence presented at trial but also biological material that was collected by law enforcement and "could reasonably be used to incriminate or exculpate" the appellant. R.C. §2933.82. The statute also states that a "governmental evidence-retention entity that possesses biological evidence shall prepare an inventory of the biological evidence that has been preserved in connection with the defendant's criminal case[.]" R.C. §2933.82.

"The word 'shall' is usually interpreted to make the provision in which it is contained mandatory." *State v. Culberson*, 2012-Ohio-448 (5th Dist.), ¶29; *citing Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107, (1971). Therefore, it is mandatory that the governmental evidence-retention entity possessing the biological evidence in the case must provide an inventory upon written request by the appellant. Accordingly, we find the trial court erred in overruling the appellant's motion to preserve biological evidence as defined in R.C. §2933.82 and in overruling the appellant's written request for an inventory of such evidence.

## CONCLUSION

**{¶19}** For the foregoing reasons, the judgment of the Richland County Court of Common Pleas is reversed. The matter is remanded for proceedings in accordance with this Opinion.

By: Baldwin, P.J.

Hoffman, J. and

King, J. concur.